

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~PRICE DANIEL~~

ATTORNEY GENERAL

AUSTIN, TEXAS

Honorable Warren McDonald
County Attorney
Smith County
Tyler, Texas

Dear Sir:

Opinion No. 0-2688
Re: The County Democratic Executive
Committee may pay supervisors of a
primary election, appointed under and
by virtue of Article 3104, Revised
Civil Statutes of Texas.

Your opinion request of August 27th, addressed to
Gerald C. Mann, Attorney General of Texas, has been referred
to the writer for consideration and reply. You ask whether
the fees of supervisors of an election chosen by the candidates
should be paid by the candidates or the County Executive Com-
mittee. We quote the following four paragraphs from your
letter:

"Under Article 2942, Revised Civil Statute
more than one-fifth of the candidates whose names
appeared upon the official ballot in the election
held last Saturday agreed upon two supervisors for
each voting box in Smith County. In accordance
with this agreement, the supervisors so selected
served as election officials as per request in said
agreement.

"There are three articles of the Revised Civil
Statute providing for the appointment of supervisors
of elections. The first article 2941, provides that
the chairman of the county executive committee may,
upon request five days prior to any general election,
appoint one supervisor for each voting precinct in
the county. There is no provision in that statute
directing that the candidates shall pay said super-
visors. The second article, to wit, 2942, makes the
provision that any one-fifth of the candidates whose
names appear on the official ballot, etc., may
agree upon two supervisors. As aforesaid, it was
under this article of the statutes our super-
visors were appointed. There is no provision in
said article of the statutes placing the burden
of the paying of said supervisors upon the one-
fifth or more of the candidates requesting them.

"The third article of the statute, to wit,
2942a, providing for the selection of the super-
visors upon the petition of forty or more of the

qualified voters of a precinct or ward does provide that the ones requesting the appointment of supervisors shall stand the expense of said supervisors serving as election officers.

"I do not find any cases dealing with the payment of appointed supervisors by the county chairman or supervisors agreed upon. It occurs to me that inasmuch as the last article quoted specifically provides that the ones requesting the appointment of supervisors shall pay for same would certainly place that burden upon the ones who asked for the appointment of supervisors. The first two articles do not so provide, and it is my opinion such supervisors so appointed under the first two articles quoted should be paid out of the funds subscribed by all candidates for election to defray election expenses."

We assume that the supervisors appointed as election officials were appointed under Article 3104, applying to primary elections, instead of Articles 2941, 2942 and 2942a, Revised Civil Statutes, as refferred to in your letter. It is apparent that Articles 2941, 2942 and 2942a apply only to general and special elections and not to party primary elections. Article 2941 is in part as follows:

"The chairman of the county executive committee, for each political party that has candidates on the official ballot, or if he fails to act, any three members of such committee, may, not less than five days before the general election,...."

Also, Article 2943, Revised Civil Statutes, applying only to general and special elections and not party primary elections, reads in part as follows:

"Judges and clerks of general and special elections shall be paid .... by the county treasurer,...."

Now, Title 50, entitled "Elections," contains Articles 2923 through 3173, inclusive, of the Revised Civil Statutes of Texas. Chapter 13 of said Title 50, entitled "Nominations," containing Article 3100 through Article 3167, pertains to party primary elections. Said Article 3100 is as follows:

"The term 'primary election' as used in this chapter, means an election held by the members of an organized political party for the purpose of nominating the candidate of such party to be voted for at a general or special election, or to nominate the county executive officers of a party."

Further, Article 3104 of said Chapter 13, referring to the election officers of a primary election is as follows:

"All the precinct primary elections of a party shall be conducted by a presiding judge, to be appointed by a chairman of the county executive committee of the party, with the assistance and approval of at least a majority of the members of the county executive committee. Such presiding judge shall select as associate judge and two clerks to assist in conducting the election. Two supervisors may be chosen by any one-fourth of the party candidates, who, with the judges and clerks shall take the oath required of such officers in general elections. Two additional clerks may be appointed but only when in the opinion of the presiding judge, there will be more than one hundred votes polled at the primary election in the precinct." (Underscoring ours)

Thus Article 3104 applying specifically to election officers in primary elections must govern the appointment of the supervisors related in your request.

Proceeding further in said chapter 13, Article 3108, Revised Civil Statutes of Texas, with reference to the expenses of conducting a primary election, contains the following:

"At the meeting of the county executive committee provided in Article 3117, the county committee shall also carefully estimate the cost of printing the official ballots, renting polling places where same may be found necessary, providing and distributing all necessary poll books, blank stationery and voting booths required, compensation of election officers and clerks and messengers, to report the result in each precinct to the county chairman, as provided for herein, and all other necessary expenses of holding such primaries in such counties and shall apportion such cost among the various candidates for nomination for county and precinct officers only as herein defined, and offices to be filled by the voters of such county or precinct only (candidates for State offices excepted), in such manner as in their judgment is just and equitable, giving due consideration to the importance and emoluments of each such office for which a nomination is to be made and shall, by resolution, direct the chairman to immediately mail to each person whose name has been requested to be placed on the official ballot a statement of the amount of such expenses so apportioned to him, with the request that he pay the same to the county chairman on or before the Saturday before the fourth Monday in June thereafter."

The authority of the county executive committee is limited by the statutes contained in said Chapter 13. We quote the following language from the case of Kauffman vs. Parker, 99 SW 2nd 1074:

"The many money when collected and placed in the hands of the appellants (the committee) became a trust fund, and could only be disbursed and paid out as provided by statute; certainly it could not be spent by the chairman of the executive committee, these appellants (the committee), for salaries and services performed by the chairman, nor could it be spent for unnecessary expenses, but must be spent for the purposes intended by statute, and under the provisions of the statutes authorizing such expenditures." (Parenthesis ours)

Money collected under the provisions of Article 3108 to defray the expenses of the various candidates for nomination cannot be spent by the committee nor the chairman of the committee for items not within the purview of said Article 3108. Small vs. Parker, 119 SW 2nd 609.

We find no specific provision as to the amount to be paid supervisors, judges or clerks in a primary election. There is the provision for the payment of judges and clerks in general and special elections contained in Article 2943, above. However, there is not provision for the payment of supervisors appointed and serving in general, special or party primary elections. We have no doubt but that the two supervisors provided for under Article 3104 in party primary elections are election officers, and that the county executive committee has the authority to pay the compensation of election officers as expense of the primary election under said Article 3108. It is our opinion that the compensation of two supervisors chosen by one-fourth of the party candidates in a primary election should be paid by the executive committee and not the party candidates choosing the two supervisors. Also, the amount of compensation due said supervisors not being governed by statute is discretionary with the executive committee as is the amount to be paid judges and clerks of a primary election.

Believing this to answer your inquiry, we are

Yours very truly

APPROVED AUG. 29, 1940
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL
PCAW:jrb

ATTORNEY GENERAL OF TEXAS
By /s/ Pat Coon
Assistant

APPROVED OPINION COMMITTEE
BY BWB, Chairman